UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SIOUX VALLEY HOSPITAL, now known as Sanford Medical Center, | ) ) ) | CIV. 06-4113-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |
| NEWELL RUBBERMAID HEALTH & WELFARE BENEFITS PROGRAM 506, | ) ) ) | |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiff Sanford Medical Center ("Sanford"), filed a motion seeking to compel Defendant Newell Rubbermaid Health & Welfare Benefits Program 506 ("Newell") to respond to certain discovery requests. See Docket 24. Newell resists this motion. Newell then filed a motion *in limine*, raising the same legal issues contained in its response in opposition to Sanford's motion to compel. See Docket 41. Both of these matters were referred to this magistrate judge for decision by Chief Judge Karen Schreier in orders dated June 11, 2007, and September 27, 2007.

**FACTS**

Sanford provided medical care to O.B., the newborn child of Mary Thanpaeng, from December 2003 through March 2004. Thanpaeng and the

infant were insured by Newell through an Employee Retirement Income Security Act (ERISA) plan.

Sanford sought reimbursement for medical expenses from Newell for services rendered to Thanpaeng and O.B. In the reimbursement request, Sanford billed Newell separately for the room and nursing expenses for Thanpaeng and her child. Great-West Healthcare ("Great-West") acted as a third-party administrator for Newell. After receiving the medical bills from Sanford, Great-West authorized partial payment, but refused to reimburse Sanford for the nursing expenses, stating that it did not allow those expenses to be billed separately.

Sanford then provided Great-West with a revised claim with the room charges and nursing charges combined. Great-West continued its denial of benefits. Sanford then appealed the decision within Great-West.

Sanford states in its motion that, under Newell's own plan, there was substantial information that should have been provided to Sanford in the course of the administrative process that Newell failed to produce. For example, upon Great-West's denial of Sanford's claim for benefit, Newell was to provide: "(i) the specific reason for the denial; (ii) . . . the specific plan provisions on which the denial is based; (iii) a description of any additional material or information necessary for you to perfect the claim . . .; and (iv) a description of the plan's review procedures . . ."

Furthermore, Sanford states that, upon denial of an appealed claim, Newell is to provide: "(i) the specific reason or reasons for the adverse determination; (ii) reference to the specific Plan provisions on which the benefit determination is based; (iii) a statement that you are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim; (iv) a statement describing any voluntary appeal procedures offered by the Plan and your right to obtain information about such procedures; and (v) a statement indicating your right to file a lawsuit upon completion of the claims procedure process."

Sanford states that Great-West did not provide any of the above information which the plan required Great-West to give to Sanford. Neither Newell nor Great-West provided Sanford with any explanation for why they did not comply with these disclosure requirements contained in their plan. As a result, Sanford claims that the administrative record in this case contains almost no information about the basis for Great-West's denial or the provisions in Newell's plan that Great-West relied upon in denying Sanford's claim.

After receiving Great-West's denial of its administrative appeal, Sanford filed this lawsuit in the Second Judicial Circuit for the State of South Dakota. Newell removed the action to this court.

Following removal, Sanford served a number of discovery requests on Newell, seeking such rudimentary information as the names of witnesses with

knowledge of relevant facts, the documents Newell intends to rely upon at trial, any admissions known to Newell, any statements by any agent of a party to this action, and other basic information.  See Attachment #3 to Docket 25, Newell's responses to Sanford's first set of interrogatories and requests for documents.

Newell provided the administrative record, but refused to provide any of the rest of the requested discovery on the basis that this lawsuit is restricted solely to a review of the administrative record.  Id.  Thus, it is Newell's position that any evidence outside the administrative record is irrelevant and not subject to discovery.  Id.  In its response to Sanford's motion to compel, Newell argues that Sanford failed to exhaust its administrative remedies and that Sanford is using the discovery process as a substitute for exhaustion.

Consistent with its position in the discovery dispute, Newell's motion *in limine* seeks an order from the court limiting the trial in this matter to the introduction of evidence from the administrative record.  In addition, Newell argues that, if the court denies its motion *in limine*, the court "should order Sanford to produce all preferred provider contracts that it . . . has had in place for the past five years. . . ."  Sanford opposes Newell's motion *in limine* on the same grounds asserted in support of Sanford's motion to compel.

**DISCUSSION**

**A.      Scope of Discovery Under the Federal Rules of Civil Procedure**

Rule 26(b) of the Federal Rules of Civil Procedure addresses the permissible scope of discovery in civil cases in federal district court. In pertinent part, Rule 26(b) provides as follows:

> **(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
> > **(1) In General**. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2(i), (ii), and (iii).
> >
> > **(2) Limitations.**
> >
> > > . . . .
> > >
> > > **(C)** The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonable cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into

> account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. . . .

See Fed. R. Civ. P. 26(b). If a party fails to properly respond to discovery requests, the party seeking the discovery is entitled to move for a motion compelling disclosure. See Fed. R. Civ. P. 37(a)(2)(B) and 37(a)(3).

The scope of discovery under Rule 26(b) is extremely broad. See 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 36-37 (1970) (hereinafter "Wright & Miller"). The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." 8 Wright & Miller, § 2007, 39 (quoting Hickman v. Taylor, 329 U.S. 495, 507-08, 67 S. Ct. 385, 392, 91 L. Ed. 2d 451 (1947)). The Federal Rules distinguish between discoverability and admissibility of evidence. Fed. R. Civ. P. 26(b), 32, and 33. Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial. These considerations are not inherent barriers to discovery, however.

**B.     Discovery Under ERISA**

The Supreme Court held in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), that a plan's denial of benefits that is challenged in court

6

under 32 U.S.C. § 1132(a)(1)(B) is to be reviewed by a court under a *de novo* standard unless the benefit plan gives the plan administrator authority to determine eligibility for benefits or to construe the terms of the plan. Id. at 115. If the plan gives the plan administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan," then the standard of review in court is abuse of discretion. Id. If it is shown that the plan administrator was operating under a conflict of interest, this conflict of interest should be taken into account in determining if there has been an abuse of discretion. Id. Therefore, the default review in district court is *de novo* unless proof that the plan vests discretion in the plan administrator is adduced. Id. The issue itself of whether the plan confers discretionary authority on the plan administrator is reviewed under a *de novo* standard. McKeehan v. Cigna Life Ins. Co., 344 F.3d 789, 792 (8th Cir. 2003).

When the standard of review is *de novo*, one issue presented is whether the reviewing court is limited to reviewing the same evidence presented administratively, or whether all relevant evidence–including new evidence–can be considered by the court. See McKeehan v. Cigna Life Insurance Co., 344 F.3d 789 (8th Cir. 2003); Donatelli v. Home Ins. Co., 992 F.2d 763 (8th Cir. 1993). The Eighth Circuit has said that "[w]hen the de novo standard of review applies, a district court has more discretion to allow the parties to introduce evidence in addition to that submitted to the plan decision-maker." McKeehan,

344 F.3d at 793 (citing Donatelli, 992 F.2d at 765). The district court is permitted to hold a bench trial and make its own findings of fact if there is good cause to do so. Id. (citing Jebian v. Hewlett Packard Co., 310 F.3d 1173, 1182 & n.10 (9th Cir. 2002)). See also Donatelli, 992 F.2d at 765 (citing Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1021-1027 (4th Cir. 1993) (en banc); Luby v. Teamsters Health, Welfare & Pension Trust Funds, 944 F.2d 1176, 1184-1185 (3d Cir. 1991)). See also Davidson v. Prudential Ins. Co. of America, 953 F.2d 1093, 1095 (8th Cir. 1992) (good cause required before allowing the introduction of additional evidence).

However, when the standard of review is the deferential abuse of discretion standard, it appears that the district court is limited to reviewing the evidence that was admitted before the plan administrator when it denied the claim for benefits. Ravenscraft v. Hy-Vee Employee Benefit Plan, 85 F.3d 398 (8th Cir. 1996) (citing Oldenburger v. Central States, S.E. & S.W. Areas Teamster Pension Fund, 934 F.2d 171, 174 (8th Cir. 1991)).

**C.     Analysis of the Pending Motions**

    **1.     Sanford's Motion to Compel**

Although Newell argues that the court is limited to reviewing the administrative record in this case, Newell never provides the court with evidence that the plan gives Great-Western the kind of discretion described by the Supreme Court in Firestone that would give rise to abuse-of-discretion

review. Without such evidence, the Firestone case indicates that the proper standard of review is *de novo*. If *de novo* review applies to this case, then the court can consider evidence outside the administrative record if there is good cause for doing so. McKeehan, 344 F.3d at 793 (citing Jebian, 310 F.3d at 1182 & n.10); Donatelli, 992 F.2d at 765 (citing Quesinberry, 987 F.2d at 1021-1027; Luby, 944 F.2d at 1184-1185; Davidson, 953 F.2d at 1095.

Sanford argues that there is good cause. First, Sanford argues that the administrative record is bereft of the basic information needed to review Newell's denial of benefits because Newell did not comply with its own plan requirements as well as the requirements of 29 C.F.R. § 2560.503-1. In addition, Newell has argued that Sanford failed to exhaust administrative remedies and Sanford counters that exhaustion would be futile. Thus, Sanford argues that it should be allowed to discover facts pertinent to the inquiry as to futility of exhausting. Finally, Sanford also argues that Newell should be estopped from denying benefits to Sanford and that Sanford should be allowed to discover facts pertinent to estoppel.

The scope of discovery under the Federal Rules of Civil Procedure is very broad. Newell has not presented argument or facts which would allow the court to conclude, at this point, that the ultimate decision made by the district court in this case will without doubt be restricted to the administrative record. Particularly of concern to the court is Sanford's argument that Newell, by

9

failing to comply with its own plan requirements, has created an administrative record bereft of any indication of the reason for Great-Western's denial of Sanford's claim, and now seeks to restrict the court to a review of an "empty" record.

Accordingly, Sanford should be allowed to conduct the discovery necessary to allow it to make its case to the district court that it has administratively exhausted its remedies, or that exhaustion would be futile; that Newell has failed to comply with its own plan requirements; and that Newell should be estopped from denying benefits. The court will grant Sanford's motion to compel.

### 2. Newell's Motion *In Limine*

For the same reasons, Newell's motion *in limine* is premature. Sanford–and Newell–should engage in discovery in this matter to flesh out their claims and defenses. After discovery, when this case is ready for a bench trial or other decision by the district court, the court and the parties will be in a better position to evaluate what the standard of review will be in this case and whether good cause exists to consider evidence outside the administrative record.

In addition to its request to limit the evidence in the trial of this matter, in its motion *in limine* Newell also asks the court to "order Sanford to produce all preferred provider contracts that it . . . has had in place for the past five

years. . . ." Newell cites no legal authority in support of this request. It has made no motion to compel this information from Sanford. Indeed, Newell provides no evidence to the court that it has ever served Sanford with a discovery request asking for any such information–a necessary prerequisite to a motion to compel under Fed. R. Civ. P. 37. Therefore, Newell has no legal or factual support for this request. Furthermore, a request for an order compelling discovery is not properly made as a motion *in limine*, which seeks to limit the introduction of evidence at trial.

For all these reasons, Newell's motion *in limine* will be denied, without prejudice to Newell to make the motion again at a more suitable time.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that Sanford's motion to compel [Docket 24] is granted. Newell shall provide substantive discovery responses to Sanford's first set of interrogatories and requests for production of documents no later than October 19, 2007. It is further

ORDERED that Newell's motion *in limine* [Docket 41] is denied without prejudice to Newell's right to renew the motion at a later date.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly

erroneous or contrary to law.  The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  <u>See</u> Fed. R. Civ. P. 72(a). Objections must be timely and specific in order to require review by the district court.

Dated September 28, 2007.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE